UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cory Conell Carroll, and<br>Brian Schumaker, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>United States, Federal Corporation;<br>Eric Holder, US Attorney General;<br>Charles E. Samuels, Jr., Director of<br>Federal Bureau of Prisons, FBOP;<br>Andrew Mansukhani, Warden, FCI Estill;<br>Nicole C. English, Warden, FCI Marianna;<br>Christopher Zych, Warden, USP Lee, in their Official<br>Capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 5:14-2167-JMC-KDW<br><br><br><br><br>ORDER |

Brian Schumaker ("Plaintiff") submitted a Motion for Recusal, asking that the undersigned United States Magistrate Judge "withdraw from this case, or otherwise recuse herself and direct all further proceedings in this case to be directed by the Clerk exclusively to Judge J. Michelle Childs . . . ." ECF No. 19 at 3 (emphasis and citations omitted). Plaintiff alleges that he withdraws any implied consent to magistrate involvement and contends that the undersigned exhibited bias in favor of and possible collusion with Defendants in connection with the contents of the initial Order issued in this case. *Id*. at 1-3. Plaintiff contends that his explicit consent is required before a magistrate judge can preside over the preliminary stages of his pro se litigation and that he has now withdrawn any "implied consent" for magistrate consideration. *Id*. at 1, 3. He also contends that rulings on other pending motions have been unreasonably delayed and that the undersigned's

explanation in the initial Order issued in this case of certain aspects of applicable law regarding participation by multiple pro se prisoners indicates bias in favor of Defendants. *Id*. at 2.

A judge should recuse him- or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him- or herself "[w]here he has a personal bias . . . concerning a party. . . ." *Id.* § 455(b)(1). The Fourth Circuit Court of Appeals has ruled that "a presiding judge is not required to recuse [him- or herself] because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

The undersigned has reviewed Plaintiff's allegations supporting his Motion for Recusal and finds them to be meritless. Consent from a litigant is not required for magistrate judges to rule on non-dispositive pretrial matters or to issue reports and recommendation on dispositive issues. *In re Artis*, 955 F.2d 40, * 1 (4th Cir. 1992) (citing to *Mathews v. Weber*, 423 U.S. 261 (1976) and *Orpiano v. Johnson*, 687 F.2d 44 (4th Cir. 1982)). Also, Plaintiff's allegations that rulings on his other pending motions have not been made as quickly as he desires and that "restrictions" placed on Plaintiffs' submissions were "superfluous"—which apparently led to his "perception . . . the Magistrate appears to demonstrate prejudice . . . ," ECF No. 19 at 2—show, at most, "unsupported, irrational, or highly tenuous speculation[.]" *DeTemple*, 162 F.3d at 287. Recusal is not warranted. Furthermore, the contents of Plaintiff Schumaker's "objections" to the initial Order issued in this case, ECF No. 16, and the allegations in the Motion now under consideration clearly indicate his disagreement with the undersigned's statements of applicable law regarding fee payments expected from pro se prisoners and about the ability of pro se litigants to "represent" other pro se

litigants. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and the fact that a magistrate judge issues orders with which the prisoner disagrees is not a valid ground for recusal of the magistrate judge. *See Holloway v. United States*, 960 F.2d 1348, 1350-51 (8th Cir. 1992); *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994).

Accordingly, Plaintiff's Motion for Recusal, ECF No. 19, is denied.

IT IS SO ORDERED.

August 18, 2014                                         Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge