UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cory Conell Carroll, and<br>Brian Schumaker, et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>United States, Federal Corporation;<br>Eric Holder, US Attorney General;<br>Charles E. Samuels, Jr., Director of<br>Federal Bureau of Prisons, FBOP;<br>Andrew Mansukhani, Warden, FCI Estill;<br>Nicole C. English, Warden, FCI Marianna;<br>Christopher Zych, Warden, USP Lee, in their Official<br>Capacities,<br><br>       Defendants. | C/A No. 5:14-2167-JMC-KDW<br><br><br>REPORT AND RECOMMENDATION |

This is a civil action filed pro se by two federal prison inmates ("Plaintiffs"), allegedly each on his own behalf and as "agents" for 75 other federal prison inmates, sometimes referred to herein as "Interested Parties."[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I. Factual and Procedural Background

---

[1] Plaintiffs, each incarcerated at FCI-Estill, located in Estill, South Carolina and within the geographical territory of this court, allege that they are acting as "agents" for other federal prisoners, some of whom are United States citizens and some of whom are "foreign nationals." These prisoners were convicted by different federal courts throughout the country and most of them are currently housed at different federal prisons throughout the country, including prisons in Colorado, Florida, North Carolina, and Virginia. ECF No. 1-3 at 4-6, 9-18, 20. For convenience of reference, the court refers to these other prisoners herein as "Interested Parties."

Cory Conell Carroll and Brian Schumaker ("Plaintiffs" or "Plaintiff Schumaker" or "Plaintiff Carroll") ask the court to award the following declaratory and injunctive relief: vacation of their criminal convictions as well as the convictions of the Interested Parties; and the "unconditional release" of Plaintiffs from prison.[2] They also seek compensatory damages against the United States and several federal officials and employees for alleged false imprisonment and other constitutional violations allegedly arising from Plaintiffs' continued incarceration in the federal prison system. Compl. 15-16, ECF No. 1. Plaintiffs allege that their federal constitutional rights and those of the Interested Parties are being violated by the Federal Bureau of Prisons ("BOP") Director and Warden Defendants' continued retention of custody over them because the federal criminal convictions on which they and the Interested Parties are currently incarcerated were entered by court without proper subject-matter jurisdiction. *Id.* at 6, 11. Plaintiffs further allege that Defendants United States and Holder committed fraud on the various federal courts in which Plaintiffs and the Interested Parties were convicted because these Defendants and the

---

The use of this shorthand reference is not intended to have any legal significance as to these individuals' role or standing in this litigation.

[2] Plaintiff Carroll was convicted on a guilty plea in the United States District Court for the Eastern District of North Carolina. *United States v. Carroll*, No. 7:12-cr-00057-F-1 (E.D.N.C.) (ECF No. 193). His direct appeal was voluntarily dismissed by the Fourth Circuit Court of Appeals on April 16, 2014. *Id.* at ECF Nos. 210, 211; *see United States v. Carroll*, No. 13-4998 (4th Cir.). It does not appear that Plaintiff Carroll has filed a § 2255 motion. Plaintiff Schumaker was convicted by a jury in the United States District Court for the Northern District of Georgia. *United States v. Schumaker*, No. 1:07-cr-00289-WSD-ECS (ECF Nos. 279, 302). His conviction was affirmed by the Eleventh Circuit Court of Appeals. *Id.* at ECF Nos. 334, 335, 336; *see United States v. Schumaker*, 479 F. App'x 878, 883 (11th Cir.) (finding Schumaker's arguments "with regard to . . . subject-matter jurisdiction . . . concerning 18 U.S.C. § 3231 . . . meritless"), *cert. denied*, 133 S. Ct. 387 (2012). Plaintiff Schumaker's initial § 2255 motion to vacate is currently pending before the Northern District of Georgia. No. 1:07-cr-00289-WSD-ECS (ECF No. 341). *See Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

federal prosecutors they supervise assured the courts that the prosecutions were properly conducted before the court. *Id*. at 8-12.

According to Plaintiffs, the federal courts in which they and the Interested Parties were convicted did not have the required territorial and subject-matter jurisdiction to enter convictions because a 1948 Congressional amendment (H.R. 3190) to a statute providing legislative authority for federal courts to indict, prosecute, and convict persons of federal crimes (18 U.S.C. § 3231) was not lawfully passed and enrolled by Congress. Compl. 5-13, ECF No. 1. As their bases for this court's subject-matter jurisdiction to consider their claims, Plaintiffs cite to 42 U.S.C. §§ 1983 and 1985 (the *Bivens* Doctrine)[3] for their constitutional-violation claims and to Federal Rule of Civil Procedure 60(d) as the basis for their "fraud on the court" claims. In their Answers to the Court's Special Interrogatories, Plaintiffs each disclaim any attempt to bring this case under the Federal Torts Claim Act. ECF Nos. 17, 18.

Following receipt of the Complaint in this case, the undersigned issued an initial Order requiring Plaintiffs to submit certain items needed to bring the case into proper form. ECF No. 13. The items requested included a filing fee payment or *in forma pauperis* motion from Plaintiff Carroll, service documents, and answers to special interrogatories seeking clarification of the asserted basis for Plaintiffs' claims and regarding exhaustion of remedies. *Id*. Plaintiffs were also

---

[3] Because all Defendants are federal entities or officials, Plaintiffs' constitutional claims are raised under the *Bivens* Doctrine. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825

informed that this court does not allow pro se litigants to "represent" any other pro se litigants and that each pro se prisoner Plaintiff would be independently required to either pay a full filing fee or qualify for *in forma pauperis* status. *Id*. Both Plaintiffs submitted their Answers to the Court's Special Interrogatories, ECF Nos. 17, 18, a self-prepared, non-official summons form, ECF No. 20, and Plaintiff Schumaker submitted an additional $50 payment to satisfy his full payment of the filing fee, Receipt Nos. SCX200011493, SCX400009904. However, Plaintiff Carroll did not submit his full filing fee and did not submit the official forms required to be completed and submitted before *in forma pauperis* status can be determined.

Instead of insuring that his Co-Plaintiff Carroll fully complied with the directions in the Order, Plaintiff Schumaker submitted a document captioned "PLAINTIFFS' OBJECTIONS AND CLARIFICATIONS TO MAGISTRATE'S ORDER AND PARTICIPATION." ECF No. 16. Primarily, Plaintiff Schumaker disagrees with the court's refusal to allow pro se litigants to represent other pro se litigants and with the court's requirement that all prisoner Plaintiffs pay the full filing fee or qualify for *in forma pauperis* status. Plaintiff Schumaker contends that Plaintiff Carroll and all of the other prisoners listed in the exhibits to the Complaint (the Interested Parties, referred to by Plaintiff Schumaker as "Plaintiffs-in-common") were properly joined in this action under Federal Rule of Civil Procedure 20 ("Rule 20") and that their individual claims were properly consolidated (by Plaintiffs) under Federal Rule of Civil Procedure 42 ("Rule 42"). *Id*. at 3-4. Plaintiff Schumaker also alleges that Plaintiff Carroll has completed the required financial documents to apply for *in forma pauperis* status, "but is

---

(1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

currently withholding its submission . . ." until District Judge Childs considers his objections. *Id*. at 4.[4]

II.   Discussion

   A.   Procedural Issues

      1.   Plaintiff Carroll's Failure to Bring His Case into Proper Form

As an initial matter, Plaintiff Carroll should be dismissed from this case because he has not paid the full filing fee or submitted the required court-approved documents to constitute a motion for leave to proceed *in forma pauperis*. Under the initial order issued in this case, Plaintiff Carroll was directed to either pay the full filing fee or complete a Form AO 240 and a Financial Certificate in order to seek *in forma pauperis status*. ECF No. 13. Both Plaintiffs were clearly informed that if they did not comply with the directions contained in that order, the case would be subject to summary dismissal insofar as the non-complying Plaintiff's participation in it is concerned. *Id*. at 1; *see also* General Order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007) (setting out the requirements for a prisoner case in proper form). However, as indicated previously, instead of encouraging his Co-Plaintiff to fully comply with the court's directions, Plaintiff Schumaker intentionally withheld the required financial documents and submitted objections to the initial order in which he contends that this case is not governed by the Prison Litigation Relief Act ("PLRA") and its filing-fee payment or exhaustion-of-administrative-remedy requirements. ECF No. 16 at 4, 6-7. Plaintiff Schumaker contends that his payment of the full filing fee should also

---

[4] Plaintiff Schumaker also objects to the undersigned magistrate judge's continued involvement in this case. ECF No. 16 at 6-9. He filed a formal Motion to Recuse in which he repeated most of

cover Plaintiff Carroll's and all claims of the Interested Parties in this case. Plaintiff Schumaker also contends that he and Plaintiff Carroll should be allowed to serve as "agents" for many other prisoners in this litigation and that the court's refusal to allow them to do so (as mentioned in the initial order) violates Federal Rules of Civil Procedure 20 (joinder of parties) and 45 (consolidation of claims). *Id.* at 1, 3. Plaintiff Schumaker's positions are without merit.[5]

Initially, regardless of the way Plaintiffs' designate their claims in this case, *e.g., Bivens* Doctrine, §§ 1983, 1985, or Rule 60(d) "independent action," *see* Pls.' Answers to Ct.'s Special Interrogs., ECF Nos. 17, 18, it is well settled that the PLRA applies in any civil case filed by a prisoner. *See Porter v. Nussle*, 534 U.S. 516, 520 (2002); *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000); *see also Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D.N.C. 1992) (district courts are authorized to disregard a party's characterization of a pleading to avoid "unjust manipulation or avoidance of its jurisdiction"). Accordingly, the PLRA's requirement that each prisoner acting as a plaintiff in a civil case separately pay the full filing fee or qualify for *in forma pauperis* status is applicable in this case. *See Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (PLRA does not allow splitting filing fees among multiple prisoners; each prisoner is responsible for the full filing fee); *Garcia v. McNeil*, No. 4:07cv474–SPM/WCS, 2010 WL 4823370 (N.D. Fla. Aug. 12, 2010) (denying request to add two new prisoner plaintiffs without their paying separate filing fees).

---

the objections stated in his Answers to the Court's Special Interrogatories. ECF No. 19. That Motion was denied by the court. ECF No. 25.

[5] To provide the reviewing district judge with a complete examination of the current record and corresponding applicable law in this case, the undersigned magistrate judge includes an analysis of Plaintiff Schumaker's objections in this Report. *See* Fed. R. Civ. P. 72 (a) (party may file objections to magistrate orders on non-dispositive matters; district judge must consider).

Because the contents of the initial Order made it clear that Plaintiff Carroll was being directed to pay the filing fee or submit the required documents to seek *in forma pauperis* status, and because both Plaintiffs were clearly informed that failure to comply with any of the directions in the order would result in dismissal of this case, this case should be summarily dismissed under Federal Rule of Civil Procedure 41(b) (district courts may dismiss an action if a Plaintiff fails to comply with "any order of the court") for failure to comply with a court order insofar as Plaintiff Carroll is listed as a party. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate when warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss sua sponte).

2.     Attempted Joinder of Other Pro Se Prisoners

Moreover, insofar as Plaintiff Schumaker's assertions of an agency relationship between himself and over 70 other federal prisoners throughout the country are concerned (sometimes referred to herein as "Interested Parties"), all such "representative claims" should also be summarily dismissed. As Plaintiffs were informed in the initial order, pro se litigants, whether prisoners or non-prisoners, may not represent other pro se litigants in federal court, regardless of whether such attempted representation is raised by way of a class-action request or by attempted joinder of multiple parties plaintiff under Rule 20 or by consolidation of claims under Rule 42 as Plaintiff Schumaker alleges in this case. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (pro se prisoner may not represent other prisoners); *Pleasant-Bey v. United States*, No. DKC–10-3316, 2010 WL 9034658, *1 (D. Md. Dec. 7, 2010); *Littlejohn v. Cherokee Cnty. Det. Cen.*, No. 6:06-3389-RBH, 2007 WL 2428633, *5 (D.S.C. Aug. 21, 2007); *see also Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61 (2d Cir. 1990) (a pro se litigant may not represent

another pro se litigant in federal court); *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225 (3d Cir. 1998) (same); *Deving v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (same); *Meeker v. Kercher*, 782 F.2d 153 (10th Cir. 1986) (same).

The court's refusal to allow the alleged "joinder" of over 70 pro se prisoners as co-plaintiffs or "represented parties" does not violate either Rule 20 or Rule 42 as asserted by Plaintiff Schumaker. Rule 20(a) allows multiple plaintiffs to join together when: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)-(2). However, the court has discretion to disallow joinder when it is infeasible or prejudicial. *See Jeffcoat v. Blyth Eastman Paine Webber, Inc.*, 896 F.2d 1367, *2 (4th Cir. 1990) (holding that a party's ability to use Rule 20's joinder provisions is discretionary with the court); *see also Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (holding that Rule 20 "is permissive; whether to allow such joinder is left to the discretion of the trial judge"); *Gentry v. Lawton Corr. Facility*, No. CIV–14–310–W, 2014 WL 2712305, *2 (May 13, 2014) (recommending refusal to allow joinder of multiple prisoners as plaintiff due to lack of feasibility), *adopted by* 2014 WL 2727196 (W.D. Okla. Jun 16, 2014); *Dulak v. Corizon, Inc.*, No. 13–CV–13442, 2013 WL 5353289 (E.D. Mich. Sept. 24, 2013) (same); *Bertolo v. Hickenlooper*, No. 12–cv–01763–BNB, 2012 WL 3638828 (D. Colo. Aug. 23, 2012) (same). Moreover, the consolidation provisions of Rule 42 indicate on their face that they are discretionary *with the court*, not with the parties. Fed. R. Civ. P. 42 ("the court *may* . . . consolidate the actions . . . .") (emphasis added); *see A/S J. Ludwig Mowinckles*

*Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion . . . to consolidate causes pending in the same district.").

Accordingly, Plaintiff Schumaker's objections to the court's initial order issued in this case should be overruled.

### 3. Motion for Preliminary Injunction

Plaintiffs ask this court to enter a preliminary injunction prohibiting Defendants from transferring either of them away from their current incarceration location, from using the BOP disciplinary system to punish or impede either Plaintiff from pursuing this case, and from interfering with the prison mail system or otherwise obstructing Plaintiffs' communication with each other or with the other federal prisoners they allegedly represent. ECF No. 8. In support of their Motion for a Preliminary Injunction, Plaintiffs contend that they and other federal prisoners they allegedly represent are suffering irreparable harm while this case is pending because Defendants are allegedly attempting to obstruct their prosecution of this case by placing excessive restrictions on their movement and communication and tampering with their mail and legal materials. *Id*. at 1-2. Plaintiffs argue that Defendants unreasonably confiscate "evidence" and other legal material from prisoners and then lose it without providing recourse to the prisoners. *Id*. at 4. Plaintiffs also argue that Defendants will not suffer harm if the requested injunction is granted because Defendants "have effectively brought this upon themselves through completely avoiding the Plaintiffs' QUESTIONS." *Id*. Further, Plaintiffs argue that it is likely that they will prevail on the merits because they allegedly have "conclusive" evidence of an institutional cover-up of alleged fatal shortcomings in the way in which Congress granted "territorial jurisdiction" or subject-matter jurisdiction over criminal matters to federal district

courts. *Id*. at 1. Finally, Plaintiffs contend that it is in the public interest to protect federal prisoners' First Amendment rights of "being free to speak and express their arguments through peaceable redress of their grievances . . . ." *Id*. at 4.

Plaintiffs attach a nine-page memorandum in which they provide additional detailed information as support for their allegations regarding Defendants' violations of their rights of access to court. ECF No. 8-1. They also attach 19 pages of a declaration from Plaintiff Schumaker in which he recites alleged facts and makes legal conclusions about how those facts support his position that Defendants are actively attempting to obstruct his pursuit of this lawsuit. ECF No. 8-2. Finally, Plaintiffs attach 42 additional pages of documents, including transcript excerpts from Plaintiff Schumaker's criminal case in the Northern District of Georgia, copies of documents from other federal courts showing those courts' rejection of Plaintiff Schumaker's similar claims about 18 U.S.C. § 3231 that were previously raised in those other courts, copies of Plaintiff Schumaker's submissions, copies of correspondence to Plaintiff Schumaker from federal and state officials regarding attempts to gather information about "legislative jurisdiction," copies of BOP administrative remedy documents and Congressional reports regarding a 1948 amendment of 18 U.S.C. § 3231, copies of BOP internal documents and prisoner declarations concerning alleged confiscation of inmate mail and personal property, and copies of Freedom of Information requests sent by Plaintiff Schumaker to the Clerks of both houses of Congress. ECF No. 8-3.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks

omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[6] A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

The undersigned has reviewed Plaintiffs' supporting documentation and has considered Plaintiffs' arguments in support of their Motion for Preliminary Injunction and recommends that the Motion be denied for the following reasons. First, a large part of the relief requested cannot legally be granted by this court. The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or

---

[6]Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345-347, stating the facts and articulating the standard for the issuance of

in a particular portion or unit of a correctional institution. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976). Moreover, as discussed in more detail below, Plaintiffs cannot show "substantial likelihood of success on the merits" of their claims in light of the holdings of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). Finally, because of the lack of merit to Plaintiffs' legal contentions in this case, there is no public interest to be served by granting the requested relief. Accordingly, it is recommended that Plaintiffs' Motion for Preliminary Injunction, ECF No. 8, be denied.

      B.      Initial Review of the Pro Se Complaint

           1.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiffs' pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A, and the PLRA,[7] and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,

---

preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama*, 607 F.3d 355 (4th Cir. 2010).

[7] District courts are to employ section 1915A's screening mechanism to "all suits by prisoners, whether or not they seek to proceed *in forma pauperis*." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002)*; see Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006). Although Plaintiff Schumaker argues in his Answers to the Court's Special Interrogatories that this case is not governed by the PLRA, ECF No. 16 at 4-5, he is incorrect because the PLRA's requirements apply in all non-habeas civil actions filed by pro se prisoner regardless of the nature of the claims asserted and regardless of whether they pay the full filing fee. *See Porter v. Nussle*, 534 U.S. at 521-32 (noting PLRA's exhaustion-of-administrative-remedies requirement applies to all prisoner cases, regardless of relief requested); *Montcalm Pub. Corp. v. Commonwealth of Va.*, 199 F.3d 168, 171-72 (4th Cir. 1999) (PLRA attorney-fees provisions apply in any case filed by a prisoner).

64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915A(b)(1).

2.     Plaintiffs' Complaint Fails to State a Plausible Claim

Plaintiffs seek damages from Defendants for alleged constitutional violations arising from Defendants' prosecution-related and prisoner-incarceration-related activities as United States Department of Justice and BOP officials. Plaintiffs refer to Defendants' allegedly unconstitutional activities as "'false arrest'" or "'false imprisonment'" or "'misrepresentation'" or "'Fraud.'" Compl. 12, ECF No. 1. Plaintiffs also seek declaratory relief and injunctive relief (to have their federal criminal convictions vacated and to be released from federal prison) based on allegations that numerous federal district courts convicted them and the many other prisoners they seek to represent in absence of valid subject-matter (or legislative or territorial) jurisdiction.

*Id*. at 15-16. Plaintiffs base their requests for relief on the same claim of alleged invalidity of the jurisdictional grant contained in 18 U.S.C. § 3231 previously unsuccessfully asserted by other federal prisoners in recent years in various ways and through various methods.[8] *See, e.g.*, *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (raised by attorney in appellate brief; the court stated that the assertion "that Title 18—the federal criminal code—is unconstitutional because of supposed irregularities in its enactment" is "unbelievably frivolous"); *United States v. Armijo*, 314 F. App'x 113, 114 (10th Cir. 2008) (raised in a § 2255 motion); *United States v. Abdullah*, 289 F. App'x 541, 543 n.1 (3d Cir. 2008) (raised in pro se appellate brief); *Cardenas–Celestino v. United States*, 552 F. Supp. 2d 962, 966–67 (W.D. Mo. 2008) (§ 2255 motion; collecting cases and holding that "All . . . allegations concerning the supposed irregular adoption of Public Law 80–772 have been firmly denied by every court to address them."); *United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006) (raised in motion to dismiss indictment); *United States v. Turner*, No. 01–06 Erie, 2012 WL 464366 (W.D. Pa. Feb.13, 2012) (post-trial motion in a criminal case); *Stewart v. United States*, Nos. 1:07–CV–3045–TWT, 1:08–CV–1005–TWT, 2009 WL 909547, at *3 (N.D. Ga. Apr. 2, 2009) (§ 2255 motion); *United States v. Sledge*, No. 05-30033, 2007 WL 2071817, *3 (W.D. La. May 30, 2007) (§ 2255 motion); *Lister v. United States*, Nos. 3:06-CV-1355-N, 3:03-CR-374-N, 2006 WL 3751324, **1-2 (N.D. Tex. Dec. 20, 2006) (§ 2255 motion; finding as a matter of fact that Public Law 80–772 did pass both houses of Congress and was signed into law by President Truman on June 25, 1948).

---

[8] 18 U.S.C. § 3231 currently provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Perhaps recognizing the trend throughout the country of denying § 2255 motions raising the claims they assert in this case, Plaintiffs attempt to distinguish their claims from other forms of collateral attack on the underlying validity of federal convictions such as motions pursuant to 28 U.S.C. § 2255 or petitions pursuant to 28 U.S.C. § 2241 by claiming that they are asserting *Bivens* claims and an "independent action" based on allegations of "fraud on the court" under Federal Rule of Civil Procedure 60(d), which they call "a Hazel-Atlas claim." ECF Nos. 17-1 at 4, 18-1 at 6 (Pls.' Answers to the Court's Special Interrogs.); *see Hazel–Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).[9] However, applicable law requires the court construing a pro se pleading to look more closely at the substance of a pleading than at the label placed on it by a prisoner or other pro se litigant. *See Hernandez v. Thaler*, 630 F.3d 420, 426 & n.27 (5th Cir. 2011) (collecting cases and construing pro se pleading submitted on a § 2254 habeas petition form as post-trial motion under Federal Rule of Civil Procedure 60(b)(6)); *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (construing post-trial "motion for reconsideration" as a successive § 2255 motion rather than Rule 60(b) motion); *Kilgore v. Drew*, No. 9:08-02299-HFF-BM, 2008 WL 4279565 (D.S.C. Sept. 18, 2008) (construing mandamus action as a § 2255 motion).

The substance of Plaintiffs' claims and the relief requested show that Plaintiffs are contesting the underlying validity of their federal convictions and the constitutionality of

---

[9] Assuming without deciding that such an "independent action" is available under certain circumstances, this court has held that the proper court to consider such an action is the court that was allegedly defrauded. *Chewning v. Ford Motor Co.*, 35 F. Supp. 2d 487, 492 (D.S.C.1998). Neither Plaintiff was convicted in this court. Any such independent action is not properly before this court, which has no connection to either Plaintiff's conviction or sentence. *See supra* note 2 (Schumaker convicted in the Northern District of Georgia; Carroll convicted in the Eastern District of North Carolina).

Defendants' keeping them incarcerated based on those convictions, regardless of whether the Complaint is construed as attempting to state *Bivens* claims for damages or Rule 60(d) "fraud on the court" claims for injunctive and declaratory relief. *See Chewning*, 35 F. Supp. 2d at 490-92 (damages not available relief in a "novel" independent action under Rule 60). Such claims are barred by the holding of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief).

With respect to actions such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87; *see Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001) (*Heck* is applicable in *Bivens* actions); *Morrison v. Holding*, 539 F. App'x 272, 273 (4th Cir. 2013). The portion of the *Heck* opinion quoted above shows that the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief ("PCR"), habeas,

or otherwise, any civil rights action based on the conviction and related matters will be barred. The *Heck* Court also specifically noted that the only way that a prisoner can obtain injunctive relief of vacation of a criminal conviction or sentence and/or release from custody is through a habeas corpus action and not through a non-habeas civil action such as that now under review. *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). This is the same result reached by the District of Kansas court in a *Bivens* case in which a federal prisoner brought virtually the same claims of lack of federal subject-matter jurisdiction over a criminal action, *Cheatham-Bey v. U. S. Dep't of Justice*, 2008 WL 4951034, *3-4 (D. Kan. Nov. 18, 2008) (holding damage claim premature and ruling that injunctive relief claims were required to be raised through habeas actions under *Heck*). *See Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012) (injunctive relief not available under *Heck*) (citing *Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) and other cases).

Because Plaintiffs have not been successful in having their federal convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, *see supra* note 2 (Schumaker's § 2255 motion is pending; Carroll voluntarily dismissed his direct appeal), and because Plaintiffs' allegations, if true, would necessarily invalidate their convictions, they cannot sue any of the Defendants based on their involvement in their criminal prosecutions, convictions, or incarceration based on those convictions. As a result, Plaintiffs fail to state any plausible claims and this case should be summarily dismissed as to all Defendants without issuance of service of process.

III.    Recommendation

It is recommended that the district court overrule Plaintiff Schumaker's objections to the initial order in this case, deny Plaintiffs' Motion for Preliminary Injunction, and summarily dismiss this case without issuance of process for Defendants.

IT IS SO RECOMMENDED.

August 22, 2014　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　　 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).