# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Cory Conell Carroll, Brian Schumaker, ) | |
| ) | Civil Action No. 5:14-cv-02167-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States, Eric Holder, Charles E. ) | |
| Samuels Jr., Andrew Mansukhani, ) | |
| Nicole C. English, Christopher Zych, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiffs Cory Conell Carroll and Brian Schumaker ("Plaintiffs") filed this *pro se* action pursuant to 42 U.S.C. § 1983.  Plaintiffs allege Bill H.R. 3190 was not properly enacted, and thus 18 U.S.C. § 3231, which grants federal district courts original jurisdiction over matters concerning federal laws, is invalid.  (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling.  On August 22, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the case, overrule Plaintiff Schumaker's objections to the initial order in this case, and deny Plaintiffs' Motion for a Preliminary Injunction.  (ECF No. 30.)  This review considers Plaintiffs' Objections and Clarifications to Magistrate's Order and Participation, filed August 6, 2014 (ECF No. 16), Objections to Magistrate's Orders and Report and Recommendation, filed September 15, 2014 (ECF No. 40), and Supplemental Objection Brief, filed January 28, 2015 (ECF No. 44-1).  For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report.  The court thereby **DISMISSES** this action (ECF No. 1) and **DENIES** Plaintiff's Motion for a Preliminary Injunction (ECF No. 8).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on June 5, 2014, naming themselves as Plaintiffs acting on their own behalf and additionally as "agents" on behalf of 75 other federal prisoners. (ECF No. 1 at 3-4.) Plaintiffs followed with a Motion for Preliminary Injunction on June 23, 2014 (ECF No. 8), and a Motion for Issuance of Subpoena on July 11, 2014, requesting the issuance of a subpoena *duces tecum* upon the Clerk of the United States House of Representatives to produce signature pages related to the passage of 18 U.S.C. § 3231 (ECF No. 12). On July 17, 2014, the Magistrate Judge issued a Proper Form Order, informing Plaintiffs that if the case was not brought into proper form within 21 days, the action could be subject to dismissal under Federal Rule of Civil Procedure 41. (ECF No. 13.) Specifically, the Magistrate Judge instructed Plaintiff Schumaker to pay the remaining $50 administrative fee in addition to the $350 filing fee he had paid and instructed Plaintiff Carroll to pay the full $400 filing fee or complete the proper forms to show he is indigent and cannot pay. (*Id.* at 2.) Plaintiffs were further instructed to complete the proper summons forms for each named Defendant and were warned no process would issue until all the specified items had been reviewed by the Magistrate Judge. (*Id.* at 2-3.)

On August 6, 2014, Plaintiffs filed Objections and Clarifications to Magistrate's Order and Participation, objecting to the Magistrate Judge's findings and orders in the Proper Form Order, and objecting to her further participation in the case. (ECF No. 16.) Plaintiffs objected specifically to the requirement that both Plaintiffs need to submit the filing fee, arguing the actions had been joined as one under Federal Rule of Civil Procedure 20. (*Id.* at 4.) Despite the protest, Plaintiff Schumaker issued a request to withdraw the remaining $50 from his prison account for the remainder of his filing fee. (*Id.*) However, Plaintiff Carroll completed the forms necessary to show he is indigent and unable to pay the fee, "but is currently withholding its

submission pending Judge Childs['] consideration of these objections and issuing her final Order in this regard." (*Id.*)  Also on August 6, 2014, Plaintiffs filed a Motion for Recusal, requesting the Magistrate Judge recuse herself (ECF No. 19), which was denied on August 18, 2014 (ECF No. 25).

On August 22, 2014, the Magistrate Judge issued the Report, recommending the court summarily dismiss the Complaint.  (ECF No. 30.)  First, the Magistrate Judge found that since Plaintiff Carroll had failed to bring his case into proper form by either paying the filing fee or filing papers to show he is indigent, he failed to comply with the court's directions and his claims are subject to dismissal.  (*Id.* at 5.)  Additionally, the Magistrate Judge found that any attempted joinder of the other 75 prisoners who Plaintiffs purported to represent should also be denied, as *pro se* litigants may not represent other *pro se* litigants.  (*Id.* at 7.)  Further, the Magistrate Judge recommended denying Plaintiffs' Motion for Preliminary Injunction, noting that "a large part of the relief requested cannot be legally granted by this court," and that Plaintiffs were not likely to succeed on the merits and therefore could not make the required showing to be entitled to a preliminary injunction.  (*Id.* at 11-12.)  Upon reviewing the merits of the Complaint, the Magistrate Judge found that Plaintiffs fail to state a plausible claim and that because Plaintiffs are challenging the underlying validity of their convictions, their claim is precluded by *Heck v. Humphrey,* 512 U.S. 477 (1994). (*Id.* at 16.)  In *Heck*, the United States Supreme Court found that in order to recover damages for an allegedly unconstitutional conviction under § 1983, a plaintiff must first prove the conviction has been reversed, invalidated, or otherwise called into question. 512 U.S. at 486-87.  Neither Plaintiff has successfully had his conviction set aside, and therefore, the Magistrate Judge found, relief under § 1983 is not available for Plaintiffs.  (ECF No. 30 at 17.)  In light of the recommendation to dismiss the Complaint, the Magistrate Judge

also issued orders on August 22, 2014, denying Plaintiffs' Motion for Subpoena (ECF No. 12) and ordering the Clerk not to authorize service. (ECF Nos. 28, 29.)

On August 28, 2014, Plaintiffs filed a Motion to Amend the Complaint, seeking to update the list of federal prisoners Plaintiffs purport to represent as "agents." (ECF Nos. 33, 35.) On the same day, Plaintiffs filed a Motion to Impose Summons Service Process Fees upon the Defendants. (ECF No. 34.)

Plaintiffs timely filed their Objections to Magistrate's Orders and Report and Recommendation (ECF No. 40) on September 15, 2014, after the court granted an extension of time to file (ECF No. 37). Plaintiff additionally filed a Motion for Leave to File Supplemental Objection Brief (ECF No. 44)[1] on January 28, 2015, which was granted on February 23, 2015 (ECF No. 47). Also on January 28, 2015, Plaintiffs filed a Second Motion for Issuance of Subpoena. (ECF No. 45.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

---

[1] Plaintiffs attached to the Motion a 13-page brief and several attachments, which Plaintiffs included "to enable the court's immediate consideration in order to minimize any impact upon the court's schedule." (ECF No. 44) These attachments serve as the requested supplement to Plaintiffs' Objections to Magistrate's Orders and Report and Recommendation (ECF No. 40). (*see* ECF Nos. 44-1, 44-2.)

4

modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiffs are *pro se* litigants, the court is required to liberally construe their arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiffs first take issue with the Magistrate Judge denying Plaintiffs' Motion for Issuance of Subpoena (ECF No. 12), arguing that such a ruling was "dispositive," and therefore outside the Magistrate Judge's authority.  (ECF No. 40 at 5-6.)  Plaintiffs insist that the document which they seek to subpoena the Clerk of the House of Representatives to produce would "absolutely settle any and all controversy in these cases" and therefore to deny the issuance of a subpoena to produce the document is a denial of a substantive right.  (*Id.* at 4, 6.)

5

However, the issuance of a subpoena is a discovery issue regarding the production of evidence that may or may not prove Plaintiffs' claims. Regardless of the level of importance Plaintiffs put upon this single piece of evidence, the decision to issue a subpoena is not a final determination on this action as a whole, and is therefore not "dispositive." Therefore, the Magistrate Judge could properly make a ruling on the motion, and her decision to deny the motion in light of her recommendation to dismiss the action was proper.

Plaintiffs next take issue with the Magistrate Judge's recommendation to dismiss Plaintiff Carroll from this action for failing to either pay the required filing fee or submit the proper forms to proceed *in forma pauperis,* as ordered. (*Id.* at 7-8; *see also* ECF Nos. 13, 16.) Plaintiffs argue that other United States Court of Appeals circuits have allowed Plaintiffs to join together in an action and split the fee among them and that the Fourth Circuit has not definitively ruled on the matter. (*Id.* at 8.) Plaintiffs further argue that the $400 fee is not a nominal one and imposes a burden upon prisoners "in order to even have their liberty interests heard." (*Id.* at 7.) Plaintiffs urge, "a court has no 'prudential' license to decline to consider whether the statute under which a defendant has been charged lacks constitutional application." (ECF No. 16 at 4 (citing *Bond v. United States,* 131 S. Ct. 2355, 2367 (2011) (Ginsburg, J., concurring)); *see also* ECF No. 44-1 at 12.) Plaintiffs' arguments fall flat, however, when Plaintiffs have the option to proceed *in forma pauperis* and pay only what they can afford. Their arguments that the fees obstruct Plaintiffs' access to the court are further harmed by Plaintiff Carroll's attempt to hold his completed *in forma pauperis* paperwork hostage, insisting the paperwork for Plaintiff Carroll and the other federal prisoners listed in the Complaint "would be immediately forthcoming 'upon the decision of this court granting the Relief Sought.'" (ECF No. 44-1 at 9.) Although courts have an obligation to consider constitutional challenges to statutes, this does not mean a court

6

must do so regardless of a plaintiff's compliance with administrative and procedural requirements. If the courts had an unqualified responsibility to examine all constitutional challenges even without payment of a filing fee or with payment only upon a satisfactory ruling, as Plaintiffs would urge this court to do, no plaintiff would have the incentive to pay the required administrative fees. The courts would be flooded with cases but would lack the resources to hear them. "Litigation is not a free good, and its costs are not limited to those who initiate it." *Lumbert v. Ill. Dep't of Corr.,* 827 F.2d 257, 259 (7th Cir. 1987). Although Plaintiffs, as prisoners, have limited income sources, they, like litigants outside of prison, must decide whether the cost of litigation is worth the loss of funds for other goods and services. As the Fourth Circuit noted,

> Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor.

*Roller v. Gunn,* 107 F.3d 227, 233 (4th Cir. 1997) (citation omitted).

While Plaintiff Schumaker has demonstrated it is worth it to him to forego other goods and services to pursue this litigation by paying the full filing fee, Plaintiff Carroll has not, nor has he demonstrated that even paying a nominal fee by proceeding *in forma pauperis* is worth the cost unless the court returns a favorable decision. Plaintiff Carroll has not been obstructed from accessing the court, he simply refuses to comply with its requirements. As such, the court accepts the Magistrate Judge's recommendation and dismisses Plaintiff Carroll's claims.

Plaintiffs offer no argument to counter the Magistrate Judge's finding that a *pro se* litigant cannot represent another *pro se* litigant, and therefore the additional 75 federal prisoners cannot be parties to this suit. Instead, Plaintiff Schumaker attempts to label his role in relation to the other prisoners as that of a "limited (special) appearance" and that he would be pleading only his case, but that the other prisoners agree to be subject to any decisions regarding this case. (ECF No. 40 at 8.) No matter how Plaintiffs attempt to label this relationship, they can offer no case law or statute to show how this manner of representation is proper, and thus the court accepts the Magistrate Judge's recommendation and will not allow the joinder of these other parties to this action.

Plaintiff Schumaker then argues that "[p]rocedurally speaking, the Magistrate eludes to absolutely no other justification for denial of this case being heard with simply Schumaker by himself being permitted to proceed as a single Plaintiff, other than her Review of the Complaint." (*Id.* at 9.) To the contrary, the Magistrate Judge cites the United States Supreme Court decision of *Heck v. Humphrey* to note that Plaintiffs' claims in this § 1983 action are precluded. (ECF No. 30 at 15-17.) In fact, even if this court were to allow the additional prisoners to join this action and to allow all parties to split one filing fee among them, this action would still be subject to dismissal under *Heck*. In *Heck,* the Supreme Court held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

8

512 U.S. at 486-87.  Plaintiffs' claims rest on the assertion that 18 U.S.C. § 3231 is invalid and therefore the courts did not have jurisdiction over Plaintiffs, rendering their convictions void. The very crux of Plaintiffs' claim calls into question the validity of their convictions, and therefore, absent a showing that their convictions have been overturned, they have no cognizable claims under § 1983.  As the Magistrate Judge noted, and Plaintiffs do not dispute, Plaintiff Carroll's direct appeal was voluntarily dismissed by the Fourth Circuit and it does not appear he has filed a petition for writ of habeas corpus and Plaintiff Schumaker's 28 U.S.C. § 2255 habeas petition is currently pending before the Northern District of Georgia.  (ECF No. 30 at 2, n.2.)  As such, Plaintiffs cannot demonstrate that their convictions have been overturned, and thus they do not have cognizable claims under § 1983.

Plaintiffs cite to *Johnson v. Freeburn,* 29 F. Supp. 2d 764 (E.D. Mich. 1998), asserting that Plaintiffs specifically invoke § 1983 and 28 U.S.C. § 1346(a), seeking only nominal damages, and this differentiates their claims from those sought in *Heck*.  Plaintiffs' reliance on *Johnson* is misplaced for two reasons.  First, the plaintiff in *Johnson* was no longer in custody at the time he filed his suit, and thus *Heck* did not apply because relief under a habeas action was no longer available to him, and thus § 1983 was the plaintiff's only method of redress.  29 F. Supp. 2d at 773-74.  Second, regardless of which sections Plaintiffs invoke and the amount of damages they seek, ultimately they challenge the validity of their convictions and *Heck* precludes them from seeking a remedy under § 1983 until they can show their convictions have been overturned.  Unless and until they can demonstrate as such, Plaintiffs have no cognizable claim under § 1983.  Therefore, the court accepts the Magistrate Judge's recommendation and dismisses this action.

Plaintiffs offer several additional objections regarding the Magistrate Judge's categorization of Plaintiffs' claims and regarding the merits of the claims. However, regardless of how Plaintiffs choose to categorize or label their claims, the claims are precluded by *Heck* from being brought under § 1983, and thus the court declines to address any discussion of the merits of Plaintiffs' claims.

As the foregoing discussion has demonstrated, Plaintiffs cannot demonstrate a likelihood of success in this § 1983 action. As such, they cannot make a showing that they are entitled to a preliminary injunction, and the court accepts the recommendation of the Magistrate Judge and denies Plaintiffs' Motion for Preliminary Injunction (ECF No. 8). *See Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (To obtain a preliminary injunction, a plaintiff must establish all four of the following factors: (1) likelihood of success on the merits, (2) a likelihood of suffering irreparable harm in the absence of relief, (3) the balance of equity tips in favor of granting the injunction, and (4) the injunction is in the public interest.).

Additionally, Plaintiffs' Motion to Amend/Correct Complaint (ECF No. 33), is also denied. A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)). Plaintiffs propose no changes to the Complaint that would make their claims cognizable under § 1983, but seek only to amend the list of federal prisoners they wish to join to this case. As the court has found these additional prisoners cannot be joined to this action, and further that this action is not cognizable under § 1983, this proposed amendment would be futile, and is therefore denied.

Further, Plaintiffs' Motion to Impose Summons Service Process Fees upon the Defendants (ECF No. 34) and Second Motion for issuance of Subpoena (ECF No. 45) are also denied. As this action has been dismissed, the issuance of service, and therefore the imposition of service fees on any party, is unnecessary. Additionally, as the issuance of the subpoena is for discovery purposes, this case's dismissal renders the request moot. Therefore, these motions, too, are denied.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 30). It is therefore ordered that this action (ECF No. 1) is **DISMISSED** with prejudice. Additionally, Plaintiffs' Motion for Preliminary Injunction (ECF No. 8), Motion to Amend/Correct Complaint (ECF No. 33), Motion to Impose Summons Service Process Fees upon the Defendants (ECF No. 34), and Second Motion for issuance of Subpoena (ECF No. 45) are **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 27, 2015
Columbia, South Carolina